IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RANDY HARRIS, | § | |
| | § | |
| MOVANT, | § | No. 3:92-CR-289-H |
| | § | No. 3:97-CV-980-H |
| vs. | § | |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| RESPONDENT. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I. Procedural background**

Movant filed a motion to reconsider the Court's December 8, 1998, denial of his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 and the Court's June 23, 2003, denial of his motion for downward departure. Movant argues the Court's rulings should be reconsidered based on the United States Supreme Court's decision in *United States v. Booker*, __ U.S. __, 125 S.Ct. 738 (2005).

Petitioner's motion for reconsideration of the Court's denial of his motion for downward departure should be dismissed. The Fifth Circuit has recently held that *Booker* is not

retroactively applicable. *See In re Elwood*, ___ F.3d ___, 2005 WL 976998, at *1-3 (5th Cir. Apr. 28, 2005) (per curiam).

Further, to the extent that Movant seeks a reconsideration of the Court's denial of his § 2255 motion, the motion is successive. *See United States v. Schreiber*, No. 03-50932, 2004 WL 335188 (5th Cir. Feb. 23, 2004) (citing *Fierro v. Johnson*, 197 F.3d 147, 151 (5th Cir. 1999) (finding Fed. R. Civ. P. 60(b) motion should be construed as successive § 2255)).

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255.  This determination must be made by a three-judge panel of the court of appeals before defendant files his motion in district court.  28 U.S.C. §§ 2241 and 2255.

The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion.  Movant must obtain such an order before another motion for post-conviction relief is filed.  His motion for reconsideration of the denial of his § 2255 motion should therefore be dismissed as successive.

## RECOMMENDATION

For the foregoing reasons, the Court recommends that the motion to reconsider the

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**       Page 2

Court's denial of Petitioner's motion to correct, vacate or set-aside sentence pursuant to 28 U.S.C. § 2255 be dismissed as successive. The Court further recommends that Movant's motion for reconsideration of the Court's denial of his motion for downward departure be denied.

Signed this 13th day of June, 2005.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**     Page 3

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Plaintiff.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**       Page 4