**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **RANDY HARRIS, 23373-077,** | ) | |
| **MOVANT,** | ) | |
| | ) | **3:06-CV-126-H** |
| v. | ) | **3:92-CR-289-H(02)** |
| | ) | **ECF** |
| **UNITED STATES OF AMERICA,** | ) | |
| **RESPONDENT.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I. Procedural Background**

On December 9, 1992, Defendant was found guilty of: (1) conspiracy to commit extortion, in violation of 18 U.S.C. § 1951(a); (2) extortion, in violation of 18 U.S.C. § 1951(a); (3) conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846; and (4) distribution of cocaine base, in violation of 21 U.S.C. § 841. He was sentenced to 360 months confinement and five years supervised release. His conviction was affirmed on direct appeal.

Movant has previously filed at least two motions to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255. He has also filed unsuccessful motions to modify the terms of his imprisonment and for downward departure.

On January 10, 2006, Movant filed this motion to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255.  He argues his sentence is unlawful under the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005).[1]

## II.  Discussion

The Fifth Circuit Court of Appeals has squarely held that *Booker* does not apply retroactively on collateral review to a first § 2255 motion or to a successive § 2255 motion.  *See United States v. Gentry*, 432 F.3d 600, 605 (5th Cir. 2005); *In re Elwood*, 408 F.3d 211 (5th Cir. 2005).  Thus, *Booker* does not provide a basis for relief to a defendant, such as the one in this case, whose conviction became final before the case was decided.  *Id*. at 603-04 & n.2.  Accordingly, Movant's claims should be denied.

## RECOMMENDATION

For the foregoing reasons, the Court recommends that the motion to correct, vacate or set-aside sentence pursuant to 28 U.S.C. § 2255 be denied.

Signed this 14th day of August, 2006.

_____
**PAUL D. STICKNEY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] In *Booker*, the Supreme Court extended to the Federal Sentencing Guidelines the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and reaffirmed in *Blakely v. Washington*, 542 U.S. 296 (2004), that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."  *Booker*, 543 U.S. at 244; *see also, Padilla v. United States*, 416 F.3d 424, 426 n.1 (5th Cir. 200).  The *Booker* Court also excised certain statutory provisions that made the Guidelines mandatory, thereby rendering them advisory only.  *Booker*, 543 U.S. at 245.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Plaintiff.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).